# United States Tax Court

T.C. Summary Opinion 2024-21

MONIQUE E. FRANCO,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 33045-21S.                    Filed October 8, 2024.

————

*Ariana Bree Stamper-Gimbar*, for petitioner.

*Gretchen W. Altenburger* and *Inga C. Plucinski-Holbrook*, for respondent.

SUMMARY OPINION

LANDY, *Judge*: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the Petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case. Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. All dollar amounts are rounded to the nearest whole amount.

In a Notice of Deficiency dated July 13, 2021, respondent determined a $22,248 deficiency relating to petitioner's 2018 joint return and a $17,069 section 6663 civil fraud penalty. Petitioner conceded that she is liable for the deficiency, and respondent conceded that petitioner is not liable for the fraud penalty. The sole issue is whether petitioner is entitled to innocent spouse relief for 2018.

*Background*

Petitioner and Charles Bolgiani married in 2007. For part of their marriage, petitioner and Mr. Bolgiani lived together in a home given to her in 2011. Petitioner currently resides in that home and is the sole registered owner. Petitioner's only other asset is a 2013 Chrysler 300. During the year in issue petitioner did not make any major purchases, and she did not transfer any assets to Mr. Bolgiani.

Petitioner and her husband had a turbulent relationship because Mr. Bolgiani was prone to violent outbursts resulting from his mental health issues. Petitioner alleged that she filed an order of protection against her husband after one such incident but could not remember the year it occurred. Mr. Bolgiani had extramarital affairs and was frequently away from the marital residence, spending time either at his girlfriend's home or in psychiatric institutions.

Both petitioner and Mr. Bolgiani contributed to the household's finances, and petitioner regularly made decisions regarding how the money was spent. However, petitioner went through periods of unemployment due to her physical and mental health issues. Mr. Bolgiani was responsible for preparing and filing their yearly income tax returns. Mr. Bolgiani typically presented the returns to petitioner, and she signed without reviewing them. Petitioner alleged that if she asked to review or refused to sign the returns, Mr. Bolgiani would withhold money for food or physically assault her.

During the year in issue petitioner signed and filed a joint return with Mr. Bolgiani. Petitioner neither prepared the return nor reviewed it for accuracy. The refund for the year in issue was deposited into a bank account that belonged solely to Mr. Bolgiani, and petitioner did not receive any portion of that amount.

Respondent selected petitioner's 2018 joint return for examination. During the examination respondent determined, inter alia, that petitioner and Mr. Bolgiani failed to report $97,174 of income. The unreported items of income were attributable to both petitioner and Mr. Bolgiani. On July 13, 2021, respondent issued to petitioner and Mr. Bolgiani a Notice of Deficiency for 2018. On October 10, 2021, petitioner, while residing in Arizona, timely filed her Petition and attached Form 8857, Request for Innocent Spouse Relief, for 2017 and 2018. At trial the parties agreed that 2017 was not in issue. Therefore, the Court will address only petitioner's claim for 2018.

*Discussion*

Married taxpayers may elect to file a joint return. § 6013(a). Each spouse is jointly and severally liable for both the accuracy of the return and the entire amount of the income tax liability reported on the return. § 6013(d)(3); *see also Butler v. Commissioner*, 114 T.C. 276, 282 (2000). Pursuant to section 6015, a taxpayer may be relieved from liability if she satisfies certain requirements. The parties have agreed that petitioner is not eligible for relief pursuant to section 6015(b) or (c). Petitioner may, however, be eligible for equitable relief pursuant to section 6015(f).

We can provide relief from joint and several liability when, considering all the facts and circumstances, it would be inequitable to hold the requesting spouse liable for any unpaid tax or deficiency. § 6015(f)(1). The requesting spouse bears the burden of proving that she is entitled to relief. Rule 142(a); *see Porter v. Commissioner*, 132 T.C. 203, 210 (2009). A spouse may raise section 6015 for the first time as an affirmative defense to the Commissioner's determination of a deficiency, and our standard of review is de novo. *See Butler*, 114 T.C. at 287–89; *see also Porter*, 132 T.C. at 210.

Rev. Proc. 2013-34, 2013-43 I.R.B. 397, provides a three-step analysis—section 4.01, 4.02, and 4.03—for evaluating whether a requesting spouse qualifies for equitable relief pursuant to section 6015(f). While we are not bound by Rev. Proc. 2013-34, and our determination ultimately considers all facts and circumstances, we will evaluate petitioner's request pursuant to the guidelines set forth therein. *See Pullins v. Commissioner*, 136 T.C. 432, 438–39 (2011). Rev. Proc. 2013-34, § 4.01, 2013-43 I.R.B. at 399–400, sets forth seven threshold conditions that must be satisfied before the Commissioner may consider granting relief.

If the requesting spouse satisfies the seven threshold conditions, she may be entitled to a streamlined determination of relief. *See id.* § 4.02, 2013-43 I.R.B. at 400. Section 4.02 sets forth three conditions that the requesting spouse must satisfy to be entitled to a streamlined determination of relief. *See id.* The requesting spouse must establish that she (1) is no longer married to the nonrequesting spouse; (2) would suffer economic hardship if relief were not granted; and (3) did not have knowledge or reason to know of the item giving rise to the deficiency. *See id.*

Finally, if the requesting spouse satisfies the threshold conditions but is not eligible for a streamlined determination, Rev. Proc. 2013-34, § 4.03, 2013-43 I.R.B. at 400–03, sets forth a list of nonexclusive factors that the Commissioner considers in determining whether relief should be granted. The factors include: (1) marital status; (2) economic hardship; (3) knowledge or reason to know of the item giving rise to the deficiency; (4) legal obligation; (5) significant benefit; (6) compliance with income tax laws; and (7) mental or physical health. *See id.* No single factor is dispositive; therefore, "[t]he degree of importance of each factor varies depending on the requesting spouse's facts and circumstances." *Id.* § 4.03(2), 2013-43 I.R.B. at 400; *see Pullins*, 136 T.C. at 448. While petitioner has demonstrated that she satisfies all seven threshold conditions, she is not eligible for a streamlined determination because she is still married to Mr. Bolgiani. Accordingly, we must weigh all the relevant facts and circumstances to determine whether petitioner is entitled to the requested relief.

Three factors are neutral: marital status; legal obligation; and compliance with federal income tax laws. The first factor, marital status, is neutral because petitioner is still married to Mr. Bolgiani. The second factor, legal obligation, is neutral because their marital status mandates that petitioner and Mr. Bolgiani are both legally obligated to repay the outstanding liability. The third factor, compliance with federal income tax laws, is neutral because, although respondent concedes that petitioner has been in compliance with her tax obligations in the years following 2018, neither party produced evidence showing whether her returns were filed jointly with Mr. Bolgiani or separately. Therefore, the Court is unable to weight this factor in petitioner's favor.

There are two factors weighing in favor of relief. First, respondent concedes that petitioner did not receive any significant benefit from the unpaid income tax liability. Second, from the year in issue to the present, petitioner has suffered from mental and physical health problems. The remaining factors, economic hardship and knowledge, or reason to know, of the items giving rise to the deficiency, however, weigh against relief. Economic hardship exists "if satisfaction of the tax liability in whole or in part will cause the requesting spouse to be unable to pay reasonable basic living expenses." Rev. Proc. 2013-34, § 4.03(2)(b), 2013-43 I.R.B. at 401. The Court will evaluate the requesting spouse's financial situation at the time of trial in determining whether economic hardship exists. *See Pullins*, 136 T.C. at 446–47.

The requesting spouse can demonstrate economic hardship by showing that her annual income is below 250% of the federal poverty guidelines or that her monthly income exceeds reasonable basic monthly living expenses by $300 or less. Rev. Proc. 2013-34, § 4.03(2)(b). The requesting spouse also must show that she does not have assets from which she can make payments toward the tax liability and still adequately meet her reasonable basic living expenses. *Id.*

In understatement cases, knowledge or reason to know of the items giving rise to the deficiency weighs against relief if the requesting spouse knew or had reason to know of those items at the time the joint return was filed. *Id.* § 4.03(2)(c)(i)(A), 2013-43 I.R.B. at 401. To determine whether the requesting spouse had reason to know of the understatement, the Court will consider the requesting spouse's level of education; the requesting spouse's business or financial expertise; the requesting spouse's degree of involvement in the activity generating the tax liability; the requesting spouse's involvement in household financial decisions; deceit or evasiveness by the nonrequesting spouse; and any lavish or unusual expenditures compared with past spending levels. *Id.* § 4.03(2)(c)(iii), 2013-43 I.R.B. at 402. "A taxpayer who signs a return is generally charged with constructive knowledge of its contents." *Porter*, 132 T.C. at 211–12.

If the requesting spouse establishes that she was a victim of abuse by the nonrequesting spouse, and because of that abuse, she was unable to challenge the treatment of any items on the joint return, this factor will weigh in favor of relief even if the requesting spouse knew or had reason to know of the items giving rise to the deficiency. Rev. Proc. 2013-34, § 4.03(2)(c)(i)(A), 2013-43 I.R.B. at 401. The requesting spouse must provide corroborating evidence regarding any alleged abuse for this exception to apply. *See Pullins*, 136 T.C. at 454 (weighing the abuse factor as neutral because the taxpayer failed to corroborate her testimony that she suffered spousal abuse).

Petitioner is the sole owner of her residence, which she testified is valued at $313,000. Other than her home, she does not own any assets. Petitioner has a high school diploma, and, at the time of trial, she was employed, earning $3,500 a month, and receiving $550 a month in rent from Mr. Bolgiani. Her husband does not otherwise contribute to the household. Petitioner's household consists of her and her 27-year-old son whom she financially supports. Petitioner did not provide a pay statement or any documentation to substantiate her monthly income.

Petitioner provided conflicting testimony regarding her basic monthly living expenses. She reported on Form 8857 that her monthly expenses totaled $1,527. At trial, however, petitioner testified that her monthly expenses exceeded $5,100, but she submitted no documentation to substantiate that claim. When questioned by the Court why her testimony differed from what was reported on Form 8857, petitioner maintained that she filled out the form incorrectly because of her learning disability; however, she later admitted that her accountant prepared and submitted Form 8857 on her behalf.

The Court is unable to ascertain petitioner's monthly income and reasonable living expenses given her inconsistent testimony and lack of substantiation. Accordingly, petitioner has not demonstrated that she will suffer economic hardship if her request for relief is denied. On the contrary, petitioner owns a residence that may be used to satisfy the liability; therefore, this factor weighs against granting relief.

In addition, while petitioner testified that she did not have actual knowledge of the items that were omitted from the joint return, weighing all the facts and circumstances, we conclude that she had reason to know of their existence. Respondent determined that petitioner and her husband failed to report $97,174 of income. Several of the omitted items, including $16,326 in gambling winnings, are attributable exclusively to petitioner. Petitioner acknowledged on Form 8857 that she was involved in making decisions regarding household finances, contributed financially to the household, and was not having financial difficulties when the return was filed.

Petitioner has a long history of filing inaccurate tax returns. Several of those returns, including the returns relating to 2012 and 2017, have been subject to examination by respondent. Indeed, petitioner's 2017 return included many of the same issues as the 2018 return. Petitioner was aware of those examinations and had requested relief from joint and several liability relating to both 2012 and 2017. Petitioner's prior claim for relief pursuant to section 6015 relating to 2012, as well as a separate claim relating to 2011, was denied by respondent.

Under these circumstances, petitioner, at minimum, was on notice that there were issues with the 2018 return and should have exercised due diligence in reviewing the return when she signed it. Petitioner has not established, and the record does not support, a finding that she was a victim of abuse and that she was unable to challenge the

2018 return because of that abuse. Other than petitioner's testimony, which we determine is not reliable on this issue, she provided no evidence to substantiate her contentions relating to Mr. Bolgiani's abuse. Without additional evidence to support her allegations, petitioner has failed to meet her burden and the abuse exception does not apply. Accordingly, this factor weighs against relief.

Taking into consideration the above circumstances, we conclude that petitioner is not eligible for relief from joint and several liability pursuant to section 6015(f). We have considered all the parties' arguments and, to the extent they are not addressed herein, we find them to be moot, irrelevant, or without merit.

To reflect the foregoing,

*An appropriate decision will be entered.*